**Robert E.L. SHELL, Plaintiff,**

**v.**

**The CITY OF RADFORD, VIRGINIA Department of Police, Defendant.**

**No. CIV.A. 7:04CV00409.**

United States District Court, W.D. Virginia, Roanoke Division.

Jan. 10, 2005.

Henry Leigh Adkins, Jr., Roanoke, VA, for Plaintiff.

Jim H. Guynn, Jr., Guynn Memmer & Dillon PC, Roanoke, VA, for Defendant.

### MEMORANDUM OPINION

CONRAD, District Judge.

Plaintiff, Robert E.L. Shell ("Shell"), brings this action for copyright infringement, pursuant to 17 U.S.C. § 101, et seq. Defendant has moved to dismiss the case.

For the reasons set forth below, the defendant's motion to dismiss will be granted.

## BACKGROUND

After Marion Franklin, a model and photographer's assistant to Shell, died on June 3, 2003, investigators from the City of Radford Police Department arrived at Shell's studio and received permission from Shell to search the studio. The investigators seized a computer, digital cameras, photographs, and a memory card used to store pictures. Investigators later seized additional items from Shell's studio pursuant to a search warrant. Shell was arrested on charges related to the death of Marion Franklin on June 7, 2003.

Detective Robert A. Wilburn, one of the investigators, downloaded a picture of Marion Franklin from Shell's website and included it on the front of his investigation notebook as an "inspiration" for his investigation. Detective Wilburn later removed the picture from his notebook. Detective Wilburn also made copies of certain photographs and included some of those copies in his investigation notebook. He has showed the photographs and copies to the Virginia State Police, experts retained by the Virginia State Police, and an Assistant United States Attorney. The City of Radford continues to retain custody of all the items seized from Shell.

Shell registered the works in December of 2003. On July 24, 2004, Shell filed suit against the defendant alleging that the defendant infringed his copyright in certain original works by reproducing the copyrighted works in copies, by creating derivative and composite works from the copyrighted works, and by displaying the copyrighted works and derivative/composite works publicly following their seizure, all in violation of 17 U.S.C. § 106. On September 14, 2004, the City of Radford filed this motion to dismiss. Because the parties have included the declarations of Detective Wilburn and Shell as well as certain exhibits, the court will treat this motion as one for summary judgment.

## DISCUSSION

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is properly granted if there is no genuine issue as to any material fact, viewing the record in the light most favorable to the non-moving party, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Terry's Floor Fashions. Inc. v. Burlington Industries, Inc.,* 763 F.2d 604, 610 (4th Cir.1985). For a party's evidence to raise a genuine issue of material fact to avoid summary judgment, it must be "such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■ Shell's complaint focuses, in large part, on the City of Radford Police Department's seizure and retention of his computer hard drive and the images contained therein. Shell contends that he is unable to earn his living because the police department is preventing him from accessing his work. To the extent that Shell alleges copyright infringement based upon the defendant's continued retention of his computer hard drive and the images contained therein, his claim is outside the scope of the Copyright Act. The Act provides that the owner of a copyrighted work has the exclusive right to reproduce the work, prepare derivative works based upon the work, distribute copies of the work to the public, and display the work publicly. 17 U.S.C. § 106. The Act does not appear to cover a situation where a person other than the copyright owner simply possesses the work.

■ With respect to the use of the particular works themselves, the defendant entreats the court to hold as a matter of law that law enforcement officers may copy and distribute copyrighted photographs and other pictorial media seized in the course of an investigation for use in that investigation. In the alternative, the defendant contends that the fair use doctrine applies to its use of Shell's photographs and other works. Courts have repeatedly emphasized that when a court determines whether a particular use is a fair use, "any *per se* rule is inappropriate." *Bond v. Blum*, 317 F.3d 385, 394 (4th Cir.2003) (citing *Harper & Row Publishers. Inc. v. Nation Enterprises*, 471 U.S. 539, 577, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985)). Because each use must be considered individually, the court will deny the defendant's request for a blanket exception to the copyright laws for law enforcement purposes.

The Copyright Act describes the fair use doctrine as follows:

> [T]he fair use of a copyrighted work, including such use by reproduction in copies or phonorecords or by any other means specified by that section, for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright. In determining whether the use made of a work in any particular case is a fair use the factors to be considered shall include-
>
> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
>
> (2) the nature of the copyrighted work;
>
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
>
> (4) the effect of the use upon the potential market for or value of the copyrighted work.
>
> The fact that a work is unpublished shall not itself bar a finding of fair use if such finding is made upon consideration of all the above factors.

17 U.S.C. § 107.

The determination of fair use is "a mixed question of law and fact." *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 560, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985). In setting forth the four factors listed above, Congress chose not to adopt a bright-line approach, instead requiring a case-by-case analysis under an equitable rule of reason approach. *Sundeman v. The Seajay Society, Inc.*, 142 F.3d 194, 202 (4th Cir.1998). Thus, the four factors are to be considered in the aggregate. *Id.*

With regard to the purpose and character of the use, Shell concedes that the defendant's use is not commercial in nature. The defendant intends to use Shell's copyrighted works for their evidentiary and investigatory value, not for their expressive content. *See Bond v. Blum*, 317 F.3d 385, 389 (4th Cir.2003), *cert. denied*, 540 U.S. 820, 124 S.Ct. 103, 157 L.Ed.2d 38 (2003) (holding that the use of an unpublished manuscript in a child custody hearing was a fair use because the use was solely for its factual content, not for its mode of expression). Shell does allege, however, that several large prints were made of certain photographs and were placed in an investigator's office in such a way that they could be seen by the general public. Placing enlarged copies of the works in the offices of law enforcement officials would also serve an investigatory function, however, when those works may relate to the alleged commission of a crime, regardless of whether members of the public might be able to view the works

if they happen to enter an investigator's office.

When considering the second factor under § 107, courts focus on "the extent to which a work falls at the core of creative expression." *Bond,* 317 F.3d at 395. This factor weighs against a finding of fair use because the majority of Shell's works appear to be unpublished and the photographs and other works are a stylized mode of expression.

With regard to the third factor under § 107, the amount and substantiality of the portion used in relation to the work as a whole, it appears that the City of Radford Police Department has used a significant portion of the works it seized from Shell. Furthermore, with regard to the copying of individual works, the police department has used these works in their entirety. But once again, the use was not of the expressive content of the photographs or other works, but for their factual content related to the criminal investigation.

The fourth factor, the effect of the use upon the potential market for or value of the copyrighted work, is "undoubtedly the single most important element of fair use." *Bond,* 317 F.3d at 396 (quoting *Harper & Row, supra,* 471 U.S. at 566, 105 S.Ct. 2218). This factor focuses on whether "some meaningful likelihood of future harm [to the market for or value of the copyrighted work] exists. If the intended use is for commercial gain, that likelihood may be presumed. But if it is for a noncommercial purpose, the likelihood must be demonstrated." *Ass'n of American Medical Colleges v. Cuomo,* 928 F.2d 519, 525 (2nd Cir.1991) (quoting *Sony Corp. of America,* 464 U.S. 417, 451, 104 S.Ct. 774, 78 L.Ed.2d 574 (1984)).

Shell contends that the seizure and copying of Shell's original works has destroyed his ability to complete a book project for which the seized works were to be source material and that the continuing delay in returning the works to him "will diminish the value and salability of the works." As the defendant points out, however, it is possible that any photographs used during the investigation could actually *increase* in value because of the publicity surrounding Shell's criminal prosecution. Any delay in returning the works to Shell, a renowned photographer with a long-established reputation, without any otherwise improper use of the works, would not appear likely to result in future harm to the market value of Shell's photographs and other works.

After considering the four factors in the aggregate, the court finds that the fair use doctrine does apply to the City of Radford Police Department's use of Shell's photographs and other works. As long as the use remains solely for the dual purposes of permitting City of Radford law enforcement officers to properly investigate allegedly criminal acts and to use that evidence in any subsequent criminal proceedings, it will be a fair use and not a violation of the Copyright Act.

The defendant also contends that Shell's complaint should be dismissed because there was no copyright registered or in existence for the works at the time of their seizure. Detective Wilburn originally seized the photographs and other materials sometime between June 3 and June 7, 2003. Shell did not register his copyrights until December 2003. The Copyright Act does not permit an award of statutory damages or attorney's fees in certain cases where the alleged infringement of copyright in an unpublished work commenced before the effective date of its registration. 17 U.S.C. § 412. The court need not address this issue, however, because of the application of the fair use doctrine to the use alleged here.

The Clerk of Court is directed to send copies of this Memorandum Opinion and the accompanying Order to all counsel of record.

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is hereby

### ORDERED

that the defendant's motion to dismiss is GRANTED.

The Clerk of Court is directed to send copies of this Order to all counsel of record.